COFFIN v NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, First Circuit. December 29, 1903.)

No. 490.

1 INSURANCE—POLICY—DELIVERY—BURDEN OF PROOF.

In an action on a life insurance policy, the burden of proving a delivery of the policy after the testimony was all in was still on plaintiff, though she established a prima facie case by proving that the policy, complete in form, came from insured's custody.

2. SAME—EVIDENCE.

In an action on a life insurance policy, there was no proof of the actual payment of the first premium, and defendant, after plaintiff's introduction of the policy in evidence, introduced a receipt for the policy for "inspection," signed with insured's name. Plaintiff, in rebuttal, proved a conversation in which the agent, on the day of the receipt, stated that he had delivered the policy to insured, and had in his pocket what was good for the premium; and insured's administrator, who was familiar with his signature, though he testified that he did not consider the signature to the receipt to be insured's signature, would not testify that it was not. Held, that the trial court was justified in ruling that the evidence was not sufficient to impeach the receipt, and authorize a finding that the policy had been finally delivered.

In Error to the Circuit Court of the United States for the District of Rhode Island.

William P. Sheffield, Jr., for plaintiff in error.

Rathbone Gardner (Richard B. Comstock, on the brief), for defendant in error.

Before PUTNAM, Circuit Judge, and ALDRICH and LOWELL, District Judges.

LOWELL, District Judge. This was an action upon a policy of life insurance. The plaintiff put in evidence the policy, and made undisputed proof of death. Thereafter the defendant offered in evidence a receipt signed with the name of the insured, and expressed to be for "inspection." Newman, the defendant's agent, testified that this receipt was drawn up by himself, signed by the insured in his presence, and delivered to him by the insured upon his handing over the policy to the latter. In rebuttal the plaintiff offered evidence of a conversation on the day of the receipt in which the agent said that he had done a good stroke of business, had delivered the policy to the insured, and had in his pocket what was good for the premium. The administrator of the insured, who was familiar with his signature, testified on cross-examination by the defendant's counsel that he did not consider the signature to the receipt was Coffin's signature; that he never saw him sign his name that way; that he would not say it was not Coffin's signature, but had never seen him sign in that way.

Being called by the plaintiff in rebuttal, he identified various undisputed signatures of Coffin, but these were not offered in evidence, and he was asked nothing further concerning the genuineness of the signature to the receipt. No other testimony concerning the alleged signature of the insured was introduced. The presiding judge directed a verdict for the defendant, and the plaintiff duly excepted.

The plaintiff contended that there was evidence to show that the receipt was not signed by Coffin, and so that there was evidence that the delivery of the policy to him was unconditional. By proving that the policy, complete in form, came from Coffin's custody, the plaintiff made a prima facie case; yet, after all the testimony was in, the burden of proving delivery still rested upon her. See Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 Sup. Ct. 189, 47 L. Ed. 261. Upon the whole, we are of opinion that she has not sustained that burden by evidence sufficient to warrant a finding in her favor upon this essential element of the case. The vague statement of the defendant's agent, who doubtless expected that Coffin's inspection of the policy would lead him to take out the insurance, had no appreciable tendency to contradict the agent's evidence regarding the exchange of the policy and the receipt. The testimony of the administrator, who could not say that the signature was not Coffin's, might well be considered by the judge of the court below insufficient to warrant a finding by the jury that the agent had committed forgery. Moreover, if Newman's testimony is accepted, the first premium was not paid. No evidence of payment was offered by the plaintiff, and nonpayment of the premium made it extremely unlikely that the delivery was unconditional. It is true that there are some authorities which hold that the clause in the policy which acknowledges the payment of the first premium is conclusive evidence of payment. The authorities on this point, however, differing in the weight which they attach to the clause in the policy, do not deem it a substitute for due proof of delivery. All the evidence taken together fails to furnish this proof, or sufficient evidence of delivery to warrant a verdict for the plaintiff.

The judgment of the Circuit Court is affirmed, and the defendant in error will recover the costs of appeal.